JANICE WENTWORTH-KINYONE
23744 Hartland Street
West Hills, California 91307
Telephone No. (323) 946-4366
In Pro Per

FILED

UNITED STATES BANKRUPTYCY COURT

CENTERAL DISTRICT OF THE STATE OF CALIFORNIA

In Re:

JANICE WENTWORTH-KINYONE,

    Debtor,

SSN: xxx-xx-6451

) CHAPTER 13
) Case No.: SV10-14172- MT
)
) EXPARTE APPLICATION FOR Set Aside
) HEARING ON MOTION TO ~~REOPEN~~ DISMISSAL
) CHAPTER 13 BANKRUPTCY FILING;
) MEMORANDUM OF POINTS AND
) AUTHROTIES: AFFIDAVIT OF JANICE
) WENTWORTH-KINYONE
)
) DATE:
) TIME:
) Courtroom:
)

## MEMORANDUM

Debtor JANICE WENTWORTH-KINYONE brings the within motion to set aside judgment and to reopen her closed bankruptcy case.

She seeks to reopen based on the dismissal and judgment having been entered against her through inadvertence, mistake and excusable neglect.

Pursuant to Bankruptcy Rule 9024 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, JANICE WENTWORTH-KINYONE, the Debtor in the above-captioned preceding,

1

1  respectfully moves this court to set aside the Judgment entered on June 2, 2010 dismissing her
2  Bankruptcy Chapter 13 case, and to have her Chapter 13 Bankruptcy reopened.
3      This motion is made on the ground that the judgment was taken against Debtor through
4  mistake, surprise, inadvertence and excusable neglect and is made in accordance with
5  Bankruptcy Rule 9024 and more specifically Rule 60(b)(1) of the Federal Rules of Civil
6  Procedure.
7
8      This motion is based upon this application, the pleadings, records, and files in this action;
9  the attached memorandum of points and authorities and attached declaration.
10
11  Dated: 7/9/10
12                                              *signature*
                                                JANICE WENTWORTH-KINYONE

1  TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

2    PLEASE TAKE NOTICE THAT on _____, at _____ .m., or as soon
3  thereafter, in Court Room 1675, United State Court House, 255 E. Temple Street, Los Angeles,
4  California 90007, Debtor JANICE WENTWORTH-KINYONE will bring the above motion on
5  for hearing.

7  Dated: 7/9/10                                                  *[signature]*
8                                                          JANICE WENTWORTH-KINYONE

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE JUDGMENT

## I.
## FACTS

On or about April 10, 2010, Debtor JANICE WENTWORTH-KINYONE ("KINYONE") retained the Law Firm of Simon & Resnick, LLP to represent her in the Chapter 13 Bankruptcy proceedings. However, at no time has Debtor Kinyone meet with or discussed her Bankruptcy case with the attorney. She has only spoken with the paralegal.

The Debtor KINYONE initiated her emergency Chapter 13 filing on April 12, 2010 through her attorney Kevin Simon.

Debtor KINYONE filed her remaining schedules and other documents for her Chapter 13, including her Chapter 13 Plan on April 23, 2010.

Debtor KINYONE'S Meeting of Creditors hearing was scheduled for May 26, 2010.

I (Debtor) was scheduled to appear at a 341a hearing on May 26, 2010. However, I was advised by the paralegal at Simon & Resnick advised Debtor that without the <u>payment</u> to their firm and the pre-confirmation payment her case would be dismissed and told her not to bother to appear at the May 26, 2010 Meeting of the Creditors hearing. My bankruptcy was dismissed.

On or about June 15, 2010, I filed to have my bankruptcy reopened, and the court granted my motion.

Now, here's where the confusion began. There was a Confirmation Hearing on calendar for June 28, 2010 and a 341a hearing meeting scheduled for June 29, 2010. That Friday, I contacted the Clerk for Honorable Geraldine Mund, Bruce Baron, to request continuance of the hearing on June 28th 2010. However, Mr. Baron advised me there was no hearing on calendar for the 28th.

For the 341a hearing I faxed over to the Trustee Elizabeth Rojas and other parties (*proof of fax confirmation attached as Exhibit "1"*) requesting that the 341a hearing be continued for another day because I had been out on disability for almost a year and was released to return back to work on June 28, 2010 and I was unable to push my return date back, and if I had not returned

to work on that date I would lose my job. Due to these circumstance, I had requested that the 341a hearing be rescheduled. (*A copy of Request for Rehearing is attached hereto as Exhibit "2"*).

Through inadvertence, excusable neglect and/or mistake of my bankruptcy has been dismissed a second time, and now Debtor has lost protection under the Bankruptcy laws and my home will be sold within 10 days of the dismissal.

Debtor has no other remedy of law and an order reopening her case is necessary and urgent.

## II.
## SHOWING OF MISTAKE, EXCUSABLE NEGLECT, INADVERTENCE AND/OR SURPRISE ARE THE STANDARDS TO HAVE A JUDGMENT SET ASIDE

Rule 60(b) of the Federal Rules of Civil Procedure states in relevant part:

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;... (3) fraud (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party...(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

The discretion granted by Rule 60(b) is liberally construed. The Bankruptcy Court is a court of equity and public policy prefers for cases to be tried on their merits, and in most cases favors resolving doubts in favor of the moving party, especially when there is clear sufficiency of excusable neglect, mistake and inadvertence.

In the instant case, the debtor is bringing her motion in a timely fashion and on sufficient grounds of mistake, inadvertence and excusable neglect which could not have been avoided through the exercise of reasonable care and prudence *[In re Hamman, (1981) 14 B.R. 172, 8*

B.C.D. 96; *West Virginia Oil & Gas Co. v. George E. Breece Lumber Co.*, 213 F.2d 702 5th Cir. 1954].

Therefore, the Debtor is seeking to have the judgment set aide and vacated in the interest of justice so that Debtor may proceed with her Chapter 13 Bankruptcy case.

### III. FAILURE TO SET ASIDE THE JUDGMENT WOULD BE INJUSTICE

As shown above and the affidavit of Debtor KINYONE, Debtor has a valid reason for excusable neglect, mistake and inadvertence as to her not appearing at the scheduled court hearing. It would be injustice to refuse to set aside the judgment. Actions should be decided on their merits. [See *Coon v. Grainier*, 867 F.2d 73 (1st Cir. 1989].

Furthermore, the judgment did not result from deliberate misconduct on the part of Debtor.

The basis for the relief sought is excusable neglect, mistake and inadvertence, which in effect denied Debtor an opportunity to pursue her Chapter 7 Bankruptcy provided to her by Federal law. The central issue in this matter is that Debtor was kept from the proceedings by relying on her filing of the required credit counseling form in the "After hours" drop filing box. As such, debtor was denied due process and an erroneous judgment entered against him.

### IV. CONCLUSION

Applying the above-referenced principles and the outlining facts, the judgment entered against debtor should be vacated and set aside and her Chapter 13 bankruptcy be re-opened.

Dated: 7/9/10

JANICE WENTWORTH-KINYONE

**AFFIDAVIT OF JANICE WENTWORTH-KINYONE
SUPPORT OF MOTION TO SET ASIDE JUDGMENT
(Fed. R. Civ. Proc. 60(b))**

I, Janice Wentworth-Kinyone, being duly sworn, deposes and states:

1. My Name is Janice Wentworth-Kinyone. I am over 18 years of age. I reside at 23744 Hartland Street, West Hills, California 91307. I am fully competent to make this affidavit and I have personal knowledge of the facts stated in this affidavit. To my knowledge, all of the facts stated in this affidavit are true and correct.

2. On or about April 10, 2010, Debtor JANICE WENTWORTH-KINYONE ("KINYONE") retained the Law Firm of Simon & Resnick, LLP to represent her in the Chapter 13 Bankruptcy proceedings. However, at no time has Debtor Kinyone meet with or discussed her Bankruptcy case with the attorney. She has only spoken with the paralegal.

3. The Debtor KINYONE initiated her emergency Chapter 13 filing on April 12, 2010 through her attorney Kevin Simon.

4. Debtor KINYONE filed her remaining schedules and other documents for her Chapter 13, including her Chapter 13 Plan on April 23, 2010.

4. Debtor KINYONE'S Meeting of Creditors hearing was scheduled for May 26, 2010.

5. I (Debtor) was scheduled to appear at a 341a hearing on May 26, 2010. However, I was advised by the paralegal at Simon & Resnick advised Debtor that without the payment to their firm and the pre-confirmation payment her case would be dismissed and told her not to bother to appear at the May 26, 2010 Meeting of the Creditors hearing. My bankruptcy was dismissed.

6. On or about June 15, 2010, I filed to have my bankruptcy reopened, and the court granted my motion.

7. Now, here's where the confusion began. There was a Confirmation Hearing on calendar for June 28, 2010 and a 341a hearing meeting scheduled for June 29, 2010. That Friday, I contacted the Clerk for Honorable Geraldine Mund, Bruce Baron, to request continuance of the hearing on June 28th 2010. However, Mr. Baron advised me there was no hearing on calendar for the 28th.

7

8.    For the 341a hearing I faxed over to the Trustee Elizabeth Rojas and other parties (*proof of fax confirmation attached as Exhibit "1"*) requesting that the 341a hearing be continued for another day because I had been out on disability for almost a year and was released to return back to work on June 28, 2010 and I was unable to push my return date back, and if I had not returned to work on that date I would lose my job. Due to these circumstance, I had requested that the 341a hearing be rescheduled. (*A copy of Request for Rehearing is attached hereto as Exhibit "2"*).

8.    Through inadvertence, excusable neglect and/or mistake of my bankruptcy has been dismissed a second time, and now Debtor has lost protection under the Bankruptcy laws and my home will be sold within 10 days of the dismissal.

9.    Debtor has no other remedy of law and an order reopening her case is necessary and urgent.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Signed this 9th day of July, 2010

JANICE WENTWORTH-KINYONE

Janice Wentworth-Kinyone
23744 Hartland Street
West Hills, CA 91307


Kevin T. Simon
Law Offices of Simon Resnik, LLP
15233 Ventura Blvd., Suite 300
Sherman Oaks, CA 91403


Chapter 13 Trustee
Elizabeth F. Rojas
Noble Professional Center
15060 Ventura Blvd., Suite #240
Sherman Oaks, CA 91403


FCI Lender Services
8180 East Kaiser Blvd.
TS# 68094
Anaheim, CA 92808-2277


Franchise Tax Board
Special Procedures
P.O. Box 2952
Sacramento, CA 95812-2952


Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114


US Bank
P. O. Box 6335
Fargo, ND 58125-6335


US Trustee
21051 Warner Center Lane, Ste. 115
Woodland Hills, CA 91367